# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.  09-743** |
| **v.** | : | **DATE FILED:** |
| **DANI NEMR TARRAF** | : | **VIOLATIONS:** |
| **DOURI NEMR TARRAF** | | **18 U.S.C. § 2339B (conspiring to provide** |
| **HASSAN MOHAMAD KOMEIHA** | : | **material support to a foreign terrorist** |
| **ALI FADEL YAHFOUFI** | | **organization - 1 count)** |
| | : | **18 U.S.C. § 371 (conspiracy - 6 counts)** |
| | | **22 U.S.C. § 2778 (attempt to violate Arms** |
| | : | **Export Control Act - 1 count)** |
| | | **18 U.S.C. § 2332g (conspiracy/attempt to** |
| | : | **acquire missile systems designed to** |
| | | **destroy aircraft - 2 counts)** |
| | : | **18 U.S.C. § 2314 (transportation of stolen** |
| | | **goods - 23 counts)** |
| | : | **18 U.S.C. § 1001 (false statements to** |
| | | **government officials - 11 counts)** |
| | : | **18 U.S.C. § 1542 (passport fraud - 1** |
| | | **count)** |
| | : | **18 U.S.C. § 2 (aiding and abetting;** |
| | | **willfully causing)** |
| | : | **Notice of forfeiture** |

## SUPERSEDING  INDICTMENT

## COUNT ONE

### (Conspiring to Provide Material Support to Hizballah)

**THE GRAND JURY CHARGES THAT:**

## THE CONSPIRACY

1.      From in or about January 2007 through and including in or about

November 2009, in the Eastern District of Pennsylvania and elsewhere, defendant

**DANI NEMR TARRAF**

conspired and agreed with others known and unknown to the grand jury to commit offenses against the United States, that is, to provide "material support or resources," as that term is defined in 18 U.S.C. § 2339A(b), including weapons and other equipment, to a Foreign Terrorist Organization, that is, Hizballah, which was designated by the Secretary of State as a Foreign Terrorist Organization, pursuant to Section 219 of the Immigration and Nationality Act, on or about October 7, 1997, and has remained so designated since that time.

2.      During the course of the charged conspiracy, the defendant and others worked to acquire weapons and other equipment for the benefit of Hizballah.  For example, from in or about January 2007 through and including in or about November 2009, defendant TARRAF obtained and attempted to obtain items for the benefit of Hizballah including FIM-92 Stinger missiles, Colt M-4 Carbines (fully automatic), Glock pistols, sniper-detection technology, night-vision and thermal-imaging equipment, wireless networking equipment, lensatic compasses, and two-way radios.

### OVERT ACTS

In furtherance of this conspiracy, defendant DANI NEMR TARRAF, and others known and unknown to the grand jury committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

1.      On or about January 25, 2007, in Chicago, defendant DANI NEMR TARRAF purchased approximately 4,000 lensatic compasses for approximately $114,600.

2.      On or about May 8, 2008, a co-conspirator not named as a defendant herein ("CC-1") met a law enforcement officer acting in an undercover capacity (the "UC") in Chicago to discuss their upcoming meeting in Slovakia with defendant DANI NEMR TARRAF, whom CC-1 described as part of the "group against Israel."

3.      On or about June 6, 2008, a co-conspirator not named as a defendant herein ("CC-2") called the UC and promised quick action on questions raised in a recent electronic mail communication to defendant DANI NEMR TARRAF, in which the UC requested guidance on the conspirators' request for, among other things, bolts for Colt M-4 Carbines.

4.      On or about August 14, 2008, defendant CC-2 told the UC via telephone that defendant DANI NEMR TARRAF would soon pick up at the Beirut International Airport a shipment sent by the UC containing approximately 250 hand-held radios and approximately 1,000 lensatic compasses.

5.      On or about September 25, 2008, CC-2 provided a compact disc to the UC containing specifications for various equipment that the conspirators wanted the UC to obtain for them, including night-vision equipment such as the Electrophysics Astroscope 9350XL-3PRO.

6.      On or about October 16, 2008, CC-1 met the UC in Detroit, Michigan, to negotiate a commission on transactions between the UC, defendant DANI NEMR TARRAF, and CC-2, as well as to provide an update to the UC on the conspirators' payment for the UC's recent shipment of SunStar 300 cameras and lensatic compasses.

7.      On or about June 18, 2009, defendant DANI NEMR TARRAF met the UC in Philadelphia and asked the UC to obtain Colt M-4 Carbines and other weapons to be shipped to either Iran or Syria for use by the "Resistance."

8.      On or about June 19, 2009, defendant DANI NEMR TARRAF met the UC in Philadelphia and clarified that he wanted to purchase from the UC guided missiles that could "take down an F-16."

9. On or about July 28, 2009, defendant DANI NEMR TARRAF met the UC in Philadelphia and provided a deposit of approximately $20,000 cash for a shipment of Colt M-4 Carbines and FIM-92 Stinger missiles to the Port of Latakia in Syria.

10. On or about November 20, 2009, defendant DANI NEMR TARRAF met the UC in Philadelphia and provided an additional payment of approximately $10,000 cash for a shipment of FIM-92 Stinger missiles, Colt M-4 Carbines, and M72 Light Anti-Armor Weapons to the Port of Latakia, Syria.

All in violation of Title 18, United States Code, Section 2339B.

## COUNT TWO

### (Conspiracy to Violate the Arms Export Control Act)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraph Two and Overt Acts Three, Five, and Seven through Ten of Count One of this indictment are realleged here.

2.      At all times material to this indictment, Congress has authorized the President of the United States to control the import and export of military items and technology "[i]n furtherance of world peace and the security and foreign policy of the United States."  22 U.S.C. § 2778(a)(1).  As part of that statutory authorization, Congress authorized the President to designate those items that are "defense articles" and "defense services," which items are subject to import and export restrictions.

3.      In Executive Order No. 11,958 (January 24, 1977), the President delegated his rule-making authority under this statute to the Secretary of State, who promulgated the International Traffic in Arms Regulations ("ITAR").  These regulations include the United States Munitions List ("USML"), which details the "defense articles" that cannot be exported without first obtaining a license from the Department of State.

### THE VIOLATION

4.      From at least in or about May 2008 through and including in or about November 2009, in the Eastern District of Pennsylvania and elsewhere, defendants

**DANI NEMR TARRAF, and
DOURI NEMR TARRAF**

conspired and agreed with others known and unknown to the grand jury to commit offenses against the United States, that is, to willfully export from the United States the following defense articles designated on the USML without first having obtained from the Department of State a license for such export and written authorization for such export, in violation of Title 22, United States Code, Sections 2778, and Title 22, Code of Federal Regulations, Sections 120.6, 121.1, 123.1, and 127.1:

      a.      FIM-92 Stinger missiles [USML Article, Category IV(b)];

      b.      Colt M-4 Carbines [USML Article, Category I(b)];

      c.      M72 Light Anti-Armor Weapons [USML Article, Category IV(a)];

      d.      Glock 22 .40-caliber pistols [USML Article, Category I(a)]; and

      e.      Electrophysics Astroscope 9350XL-3PRO (night-vision equipment) [USML Article, Category XII(c)].

## OVERT ACTS

In furtherance of this conspiracy, and in addition to the overt acts described in Paragraph One of this Count, defendants DANI NEMR TARRAF and DOURI NEMR TARRAF, and others known and unknown to the grand jury committed the following overt act, among others, in the Eastern District of Pennsylvania and elsewhere:

1.      On or about June 6, 2008, defendant DOURI NEMR TARRAF called a law enforcement officer acting in an undercover capacity (the "UC") and promised quick action on questions raised in a recent electronic mail communication to defendant DANI NEMR TARRAF, in which the UC requested guidance on the conspirators' request for, among other things, ammunition for Colt M-4 Carbines.

All in violation of Title 18, United States Code, Section 371.

## COUNT THREE

### (Attempt to Violate the Arms Export Control Act)

**THE GRAND JURY FURTHER CHARGES THAT:**

   1. Paragraphs One through Three, as well as Overt Act One, of Count Two of this indictment are realleged here.

   2. From at least in or about May 2008 through and including in or about November 2009, in the Eastern District of Pennsylvania and elsewhere, defendants

**DANI NEMR TARRAF, and**
**DOURI NEMR TARRAF**

attempted, and aided and abetted and willfully caused another, to willfully export from the United States the following defense articles designated on the USML without first having obtained from the Department of State a license for such export and written authorization for such export:

   a. FIM-92 Stinger missiles [USML Article, Category IV(b)];

   b. Colt M-4 Carbines [USML Article, Category I(b)];

   c. M72 Light Anti-Armor Weapons [USML Article, Category IV(a)];

   d. Glock 22 .40-caliber pistols [USML Article, Category I(a)]; and

   e. Electrophysics Astroscope 9350XL-3PRO (night-vision equipment) [USML Article, Category XII(c)].

   In violation of Title 22, United States Code, Section 2778; Title 22, Code of Federal Regulations, Sections , 22 C.F.R. §§ 120.6, 121.1, 123.1, & 127.1; and Title 18, United States Code, Section 2.

## COUNT FOUR

**(Conspiracy to Acquire Missile Systems Designed to Destroy Aircraft)**

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.    Overt Acts Eight through Ten of Count One of this Indictment are realleged here.

      2.    From in or about March 2009 through and including in or about November 2009, in the Eastern District of Pennsylvania and elsewhere, defendant

### DANI NEMR TARRAF

conspired and agreed with others known and unknown to the grand jury to commit offenses against the United States, that is, to knowingly produce, construct, otherwise acquire, transfer directly and indirectly, receive, possess, import, and use (1) an explosive and incendiary rocket and missile that is guided by a system designed to enable the rocket and missile to seek and proceed toward energy radiated and reflected from an aircraft and toward an image locating an aircraft, and otherwise direct and guide the rocket and missile to an aircraft; (2) a device designed and intended to launch and guide said rocket and missile; and (3) a part and combination of parts designed and redesigned for use in assembling and fabricating said rocket, missile, and device.

All in violation of Title 18, United States Code, Section 2332g.

-8-

## COUNT FIVE

### (Attempt to Acquire Missile Systems Designed to Destroy Aircraft)

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Overt Acts Eight through Ten of Count One of this Indictment are realleged here.

2. From in or about March 2009 through and including in or about November 2009, in the Eastern District of Pennsylvania and elsewhere, defendant

### DANI NEMR TARRAF

attempted, and aided and abetted and willfully caused another, to knowingly produce, construct, otherwise acquire, transfer directly and indirectly, receive, possess, import, and use (1) an explosive and incendiary rocket and missile that is guided by a system designed to enable the rocket and missile to seek and proceed toward energy radiated and reflected from an aircraft and toward an image locating an aircraft, and otherwise direct and guide the rocket and missile to an aircraft; (2) a device designed and intended to launch and guide said rocket and missile; and (3) a part and combination of parts designed and redesigned for use in assembling and fabricating said rocket, missile, and device.

All in violation of Title 18, United States Code, Sections 2332g and 2.

## COUNT SIX

**(Conspiracy to Transport Machineguns and Destructive Devices in Interstate Commerce)**

**THE GRAND JURY FURTHER CHARGES THAT:**

   1.  Overt Acts Three, Seven, Nine, and Ten of Count One of this Indictment are realleged here.

   2.  From in or about September 2008 through and including in or about November 2009, in the Eastern District of Pennsylvania and elsewhere, defendant

### DANI NEMR TARRAF

conspired and agreed with others known and unknown to the grand jury to commit offenses against the United States, that is, for a person who was not a licensed importer, licensed manufacturer, licensed dealer, and licensed collector to transport in interstate or foreign commerce machineguns (as defined in section 5845 of the Internal Revenue Code of 1986) and destructive devices, that is, FIM-92 Stinger missiles, Colt M-4 Carbines, and M72 Light Anti-Armor Weapons, in violation of Title 18, United States Code, Section 922(a)(4).

   All in violation of Title 18, United States Code, Section 371.

## COUNT SEVEN

### (Conspiracy to Possess Machineguns)

**THE GRAND JURY FURTHER CHARGES THAT:**

       1.    Overt Acts Three, Seven, Nine, and Ten of Count One of this Indictment are realleged here.

       2.    From in or about September 2008 through and including in or about November 2009, in the Eastern District of Pennsylvania and elsewhere, defendant

### DANI NEMR TARRAF

conspired and agreed with others known and unknown to the grand jury to commit offenses against the United States, that is, for a person to transfer and possess machineguns (as defined in section 5845 of the Internal Revenue Code of 1986), that is, Colt M-4 Carbines, in violation of Title 18, United States Code, Section 922(o).

       All in violation of Title 18, United States Code, Section 371.

## COUNT EIGHT

### (Conspiracy to Transport Stolen Goods)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     From in or about June 2007 through and including in or about November 2009, in the Eastern District of Pennsylvania and elsewhere, defendants

**DANI NEMR TARRAF,**
**DOURI NEMR TARRAF, and**
**HASSAN MOHAMAD KOMEIHA**

conspired and agreed with others known and unknown to the grand jury to commit offenses against the United States, that is, to transport in interstate and foreign commerce goods and merchandise with a value in excess of $5,000.00, knowing the same to have been stolen, converted and taken by fraud, in violation of Title 18, United States Code, Sections 2314(a) and 21.

### MANNER AND MEANS

It was part of the conspiracy that:

2.     Defendants DANI NEMR TARRAF, DOURI NEMR TARRAF, HASSAN MOHAMAD KOMEIHA, and Hussein Ali Asfour, a/k/a "Alex," charged elsewhere [hereinafter "Asfour"], and others known and unknown to the grand jury, participated in the purchase of goods and merchandise, that is, cellular telephones, automobiles, laptop computers, and Sony PlayStation 2 systems from a law enforcement officer acting in an undercover capacity ("the UC").  The UC represented to the defendants that the goods and merchandise being sold to them were stolen.

3.     Defendants DANI NEMR TARRAF, DOURI NEMR TARRAF, HASSAN MOHAMAD KOMEIHA, and Asfour, and others known and unknown to the grand jury, participated in the purchase of goods and merchandise from the UC, including military compasses,

two-way radios, low-light video cameras, and other equipment.  The UC represented to these defendants that these items requested by the defendants were stolen.

4.        Defendants DANI NEMR TARRAF, DOURI NEMR TARRAF, HASSAN MOHAMAD KOMEIHA, and Asfour, and others known or unknown to the grand jury, purchased the allegedly stolen goods and merchandise from the UC in Philadelphia, Pennsylvania, and thereafter would and did cause the goods and merchandise to be transported to destinations including, but not limited to, Michigan, California, Paraguay, Brazil, Slovakia, Belgium, Bahrain, Lebanon, Syria, and Iran.

## OVERT ACTS

In furtherance of this conspiracy, defendants DANI NEMR TARRAF, DOURI NEMR TARRAF, HASSAN MOHAMAD KOMEIHA, and Asfour," and others known and unknown to the Grand Jury, committed the following overt acts in the Eastern District of Pennsylvania and elsewhere:

1.        On or about July 24, 2007, defendant HASSAN MOHAMAD KOMEIHA instructed the UC in Philadelphia via telephone to send approximately 150 purportedly stolen Sony PlayStation 2 systems to an address in Brazil.

2.        On or about August 4, 2007, defendant HASSAN MOHAMAD KOMEIHA instructed the UC in Philadelphia via telephone to send approximately 45 purportedly stolen laptop computers to an address in Slovakia.

3.        On or about September 12, 2007, defendant HASSAN MOHAMAD KOMEIHA met the UC in Chicago, Illinois, and discussed future purchases of stolen goods from

the UC, including the purchase of purportedly stolen Sony PlayStation 2 systems and laptop computers.

4.     On or about October 5, 2007, defendants DANI NEMR TARRAF and DOURI NEMR TARRAF caused a wire transfer in the amount of approximately $45,000 to be sent to the UC's bank account.

5.     On or about November 15, 2007, defendants DANI NEMR TARRAF and DOURI NEMR TARRAF caused a wire transfer in the amount of approximately $75,000 to be sent to the UC's bank account.

6.     On or about December 26, 2007, defendant HASSAN MOHAMAD KOMEIHA and Asfour met the UC in Philadelphia and discussed future purchases of purportedly stolen goods from the UC, including the purchase of approximately 2,000 purportedly stolen cellular telephones.

7.     On or about January 5, 2008, Asfour purchased approximately 900 purportedly stolen cellular telephones from the UC in Philadelphia.

8.     On or about January 5, 2008, Asfour shipped approximately 900 purportedly stolen cellular telephones from Philadelphia to an address in Los Angeles, California.

9.     On or about January 10, 2008, Asfour purchased approximately 2,000 purportedly stolen cellular telephones from the UC in Philadelphia.

10.     On or about February 6, 2008, Asfour purchased approximately 1,100 purportedly stolen cellular telephones from the UC in Philadelphia.

11.    On or about February 13, 2008, defendant HASSAN MOHAMAD KOMEIHA purchased approximately 100 purportedly stolen laptop computers from the UC in Philadelphia and instructed the UC to send those computers to an address in Slovakia.

12.    On or about February 14, 2008, Asfour purchased approximately 2,000 purportedly stolen cellular telephones from the UC in Philadelphia.

13.    On or about February 29, 2008, defendant HASSAN MOHAMAD KOMEIHA purchased approximately 100 purportedly stolen laptop computers from the UC in Philadelphia and instructed the UC to send those computers to an address in Slovakia.

14.    On or about March 11, 2008, Asfour purchased approximately 1,000 purportedly stolen cellular telephones from the UC in Philadelphia.

15.    On or about April 23, 2008, defendants DANI NEMR TARRAF and DOURI NEMR TARRAF caused a wire transfer in the amount of approximately $74,955 to be sent to the UC's bank account.

16.    On or about May 27, 2008, defendants DANI NEMR TARRAF, DOURI NEMR TARRAF, and HASSAN MOHAMAD KOMEIHA met the UC in Slovakia and discussed the purchase of purportedly stolen goods from the UC.

17.    On or about June 5, 2008, defendants DANI NEMR TARRAF, DOURI NEMR TARRAF, and HASSAN MOHAMAD KOMEIHA purchased approximately 200 purportedly stolen laptop computers from the UC in Philadelphia and instructed the UC to send those computers to an address in Slovakia.

18.    On or about October 16, 2008, defendant HASSAN MOHAMAD KOMEIHA met the UC in Detroit, Michigan, to discuss, among other things, defendant KOMEIHA's

commission on transactions between the UC and defendants DANI NEMR TARRAF and DOURI NEMR TARRAF.

19.     On or about November 21, 2008, defendant DOURI NEMR TARRAF spoke with the UC in Philadelphia via telephone to report that approximately $20,000 had recently been wired to the UC in payment for purportedly stolen goods.

20.     On or about March 13, 2009, defendant DANI NEMR TARRAF met the UC in Philadelphia and agreed to purchase from the UC approximately four, purportedly stolen BMW automobiles to be exported to Lebanon.

All in violation of Title 18, United States Code, Section 371.

## COUNTS NINE THROUGH THIRTY-ONE

### (Transportation of Stolen Goods)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     Paragraphs Two through Four of Count Eight of this Indictment are realleged here.

2.     On or about each of the dates listed below, in the Eastern District of Pennsylvania and elsewhere, defendants

**DANI NEMR TARRAF,
DOURI NEMR TARRAF, and
HASSAN MOHAMAD KOMEIHA,**

unlawfully transported in interstate and foreign commerce goods and merchandise with a value in excess of $5,000.00, as detailed below, and aided and abetted and willfully caused the transportation of such goods and merchandise, to locations outside the Commonwealth of Pennsylvania, knowing the same to have been represented as stolen, converted and taken by fraud, each transportation of such goods being a separate count charging the designated defendant(s):

| COUNT | DATE (on or about) | DEFENDANT(S) | GOODS & MERCHANDISE (approx.) | PURCHASE PRICE BY DEFENDANT(S) (approx.) |
|---|---|---|---|---|
| 9 | July 30, 2007 | HASSAN MOHAMAD KOMEIHA | 150 Sony PlayStation 2 systems and 45 laptop computers | $30,000 |
| 10 | October 5, 2007 | HASSAN MOHAMAD KOMEIHA | 200 Sony PlayStation 2 systems and 50 laptop computers | $45,000 |
| 11 | November 19, 2007 | HASSAN MOHAMAD KOMEIHA | 300 Sony PlayStation 2 systems and 1,000 cellular telephones | $30,000 |
| 12 | November 26, 2007 | HASSAN MOHAMAD KOMEIHA | 98 laptop computers | $75,000 |

-17-

| 13 | December 26, 2007 | HASSAN MOHAMAD KOMEIHA | 2,000 cellular telephones | $59,000 |
|----|-------------------|------------------------|---------------------------|---------|
| 14 | January 5, 2008 | HASSAN MOHAMAD KOMEIHA | 900 cellular telephones | $32,400 |
| 15 | January 10, 2008 | HASSAN MOHAMAD KOMEIHA | 2,000 cellular telephones | $32,000 |
| 16 | February 6, 2008 | HASSAN MOHAMAD KOMEIHA | 1,100 cellular telephones | $24,300 |
| 17 | February 13, 2008 | HASSAN MOHAMAD KOMEIHA | 100 laptop computers | $55,000 |
| 18 | February 14, 2008 | HASSAN MOHAMAD KOMEIHA | 2,000 cellular telephones | $40,000 |
| 19 | February 29, 2008 | HASSAN MOHAMAD KOMEIHA | 100 laptop computers | $55,000 |
| 20 | March 11, 2008 | HASSAN MOHAMAD KOMEIHA | 1,000 cellular telephones | $23,000 |
| 21 | June 5, 2008 | DANI NEMR TARRAF<br>DOURI NEMR TARRAF<br>HASSAN MOHAMAD KOMEIHA | 200 laptop computers | $107,340 |
| 22 | August 11, 2008 | DANI NEMR TARRAF<br>DOURI NEMR TARRAF | 250 Yaesu FT-60R radios & 1000 Cammenga compasses | $62,284 |
| 23 | September 19, 2008 | DANI NEMR TARRAF<br>DOURI NEMR TARRAF | 95 cellular telephones & 18 SunStar 300 cameras | $69,100 |
| 24 | October 17, 2008 | DANI NEMR TARRAF<br>HASSAN MOHAMAD KOMEIHA | one BMW and one Toyota 4-Runner | $15,000 |
| 25 | December 19, 2008 | DANI NEMR TARRAF | 250 Yaesu FT-60R radios & 25 SunStar 300 cameras | $56,250 |
| 26 | February 24, 2009 | DANI NEMR TARRAF<br>DOURI NEMR TARRAF | 100 cellular telephones (with cases) | $48,000 |
| 27 | April 11, 2009 | DANI NEMR TARRAF<br>DOURI NEMR TARRAF | 100 Sony PlayStation 2 systems & 100 laptop computers | $57,000 |
| 28 | April 20, 2009 | DANI NEMR TARRAF<br>DOURI NEMR TARRAF | 100 cellular telephones | $40,000 |
| 29 | May 15, 2009 | DANI NEMR TARRAF<br>DOURI NEMR TARRAF | 4 BMW X5 automobiles | $45,000 |

| 30 | July 9, 2009 | DANI NEMR TARRAF | 1 contraband detector & 2 canine training suits | $12,900 |
| 31 | October 8-24, 2009 | HASSAN MOHAMAD KOMEIHA | 10 cellular telephones & 10 Sony PlayStation 2 systems | $5,500 |

In violation of Title 18, United States Code, Sections 2314, 21 and 2.

## COUNT THIRTY-TWO

### (Conspiracy to Make False Statements to Government Officials)

**THE GRAND JURY FURTHER CHARGES THAT:**

### BACKGROUND

1.      Paragraphs Two through Four of Count Eight of this Indictment are realleged here.

2.      The United States Department of Commerce is part of the Executive Branch of the United States government and, among other things, regulates exports from the United States.

3.      The Department of Commerce uses a Shipper's Export Declaration Commerce Form (SED) to compile official export statistics for the United States and for export control purposes.  An SED must be filed with the Department of Commerce for shipments with a value in excess of $2,500 that are exported from the United States.  The SED must list, among other things, the shipper, the recipient, and the approximate value of the shipment.  In addition, a receipt or airway bill describing the contents of a shipment must accompany each SED filed with the Department of Commerce.

### CONSPIRACY

4.      From in or about June 2007 through in or about November 2009, in the Eastern District of Pennsylvania and elsewhere, defendants

**DANI NEMR TARRAF,**
**DOURI NEMR TARRAF, and**
**HASSAN MOHAMAD KOMEIHA**

conspired and agreed with others known and unknown to the grand jury to commit offenses against the United States, that is, in a matter within the jurisdiction of the Department of Commerce, an

-20-

agency of the executive branch of the United States, to knowingly and willfully falsify, conceal, and cover up material facts by trick, scheme, and device, and make materially, false, fictitious, and fraudulent statements and representations, and make and use false writings and documents knowing the same to contain materially false, fictitious, and fraudulent statement and entry, in violation of Title 18, United States Code, Section 1001.

## MANNER AND MEANS

5.      It was part of the conspiracy that defendants DANI NEMR TARRAF, DOURI NEMR TARRAF, and HASSAN MOHAMAD KOMEIHA, and others known and unknown to the grand jury, would and did cause purportedly stolen goods, that is, cellular telephones, laptop computers, Sony PlayStation 2 systems, low-light cameras, hand-held radios, and other items to be exported from the United States to foreign destinations based on false statements on SEDs and accompanying documentation that materially misrepresented the contents and/or value of the shipments in violation of United States laws and regulations governing international shipments.

## OVERT ACTS

In furtherance of this conspiracy, defendants DANI NEMR TARRAF, DOURI NEMR TARRAF, and HASSAN MOHAMAD KOMEIHA, and others known and unknown to the grand jury, committed the following overt acts in the Eastern District of Pennsylvania and elsewhere:

1.      On or about May 27, 2008, defendants DANI NEMR TARRAF, DOURI NEMR TARRAF, and HASSAN MOHAMAD KOMEIHA met the UC in Slovakia and discussed, among other things, their plan to falsely label the contents of their shipments of purportedly stolen goods from the United States as "spare parts."

2.      On or about December 6, 2008, defendant DANI NEMR TARRAF instructed the UC in Philadelphia via telephone to falsely label a shipment of radios and cameras bound for Lebanon as "spare parts."

3.      On or about March 13, 2009, defendant DANI NEMR TARRAF met the UC in Philadelphia and completed a Shipper's Export Declaration to be used in future shipments of military equipment from the UC in which defendant TARRAF supplied a fake date of birth, a fake name ("David Steinman"), and a fake name of the purchasing company (Astro Shipping Ltd.).

4.      On or about April 6, 2009, defendant DANI NEMR TARRAF instructed the UC in Philadelphia via telephone to falsely label a shipment of approximately 100 purportedly stolen Sony PlayStation 2 systems and approximately 100 purportedly stolen laptop computers bound for Lebanon as "spare parts" with a total value of approximately $1,200.

5.      On or about June 28, 2009, defendant DANI NEMR TARRAF instructed the UC in Philadelphia via text message to falsely label a shipment of approximately two canine training suits and a contraband detector bound for Lebanon as "spare parts."

All in violation of Title 18, United States Code, Section 371.

## COUNTS THIRTY-THREE THROUGH FORTY-ONE

### (False Statements to Government Officials)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     Paragraphs One through Three and Five, as well as Overt Acts One through Five, of Count Thirty-Two of this Indictment are realleged here.

2.     On or about the dates listed below, in the Eastern District of Pennsylvania and elsewhere, defendants

**DANI NEMR TARRAF,**
**DOURI NEMR TARRAF, and**
**HASSAN MOHAMAD KOMEIHA**

in a matter within the jurisdiction of the Department of Commerce, an agency of the executive branch of the United States, knowingly and willfully falsified, concealed, and covered up material facts, that is, the value of a shipment to be exported from the United States, by trick, scheme, and device, and made materially, false, fictitious, and fraudulent statements and representations, and made and used false writings and documents knowing the same to contain materially false, fictitious, and fraudulent statement and entry, and willfully caused another to do the same, that is, as described in the chart below, defendants caused others, including a law enforcement officer acting in an undercover capacity (the "UC"), to cover up material facts and make materially false representations

and statements to United States government officials regarding the nature and/or value of shipments to be exported from the United States, each incident described below being a separate count charging the designated defendant(s):

| Count | Date (approx.) | Defendant(s) | Items Shipped | Value on SED | Sale Price | Retail Value |
|-------|----------------|--------------|---------------|--------------|------------|--------------|
| 33 | 6/5/2008 | DANI NEMR TARRAF DOURI NEMR TARRAF HASSAN MOHAMAD KOMEIHA | 200 laptop computers | $9,990 | $107,340 | $205,478 |
| 34 | 8/11/2008 | DANI NEMR TARRAF | 250 Yaesu FT-60R radios and 1000 Cammenga compasses | $5,000 | $62,284 | $103,757.50 |
| 35 | 9/19/2008 | DANI NEMR TARRAF | 18 SunStar 300 cameras | $9,900 | $21,600 | $32,850 |
| 36 | 9/19/2008 | DANI NEMR TARRAF | 95 cellular phones | $3,000 | $47,500 | $66,405 |
| 37 | 10/17/2008 | DANI NEMR TARRAF | one 2002 BMW X5 and one 2006 Toyota 4-Runner | $4,400 and $2,501 | $15,000 | $42,050 |
| 38 | 12/19/2008 | DANI NEMR TARRAF | 25 SunStar 300 cameras and 250 Yaesu FT-60R radios | $2,501 | $56,250 | $93,112.50 |
| 39 | 4/11/2009 | DANI NEMR TARRAF | 100 laptop computers and 100 Sony PlayStation 2 systems | none filed | $57,000 | $75,051 |
| 40 | 7/2/2009 | DANI NEMR TARRAF | one contraband detector and two canine training suits | none filed | $12,900 | $19,090 |
| 41 | 10/8/2009 | HASSAN MOHAMAD KOMEIHA | 10 cellular telephones | none filed | $5,000 | $7,500 |

All in violation of Title 18, United States Code, Sections 1001 & 2.

## COUNT FORTY-TWO

### (False Statements to Government Officials)

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 29, 2009, in the Eastern District of Pennsylvania and elsewhere, defendant

### DANI NEMR TARRAF,

in a matter within the jurisdiction of the Department of Homeland Security, an agency of the executive branch of the United States, knowingly and willfully falsified, concealed, and covered up material facts by trick, scheme, and device, and made materially, false, fictitious, and fraudulent statements and representations, that is, upon inspection at Philadelphia International Airport, defendant TARRAF falsely told an official of the Department of Homeland Security, Customs and Border Protection, that he was carrying only $9,700 in cash into the United States, when, in fact, defendant TARRAF was carrying more than $19,000 cash at the time.

In violation of Title 18, United States Code, Section 1001.

## COUNT FORTY-THREE

### (False Statements to Government Officials)

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about November 19, 2009, in the Eastern District of Pennsylvania and elsewhere, defendant

### DANI NEMR TARRAF,

in a matter within the jurisdiction of the Department of Homeland Security, an agency of the executive branch of the United States, knowingly and willfully falsified, concealed, and covered up material facts by trick, scheme, and device, and made materially, false, fictitious, and fraudulent statements and representations, that is, upon inspection at Philadelphia International Airport, defendant TARRAF falsely told an official of the Department of Homeland Security, Customs and Border Protection, that he was carrying only $9,800 in cash into the United States, when, in fact, defendant TARRAF was carrying more than $10,000 cash at the time.

In violation of Title 18, United States Code, Section 1001.

## COUNT FORTY-FOUR

### (Conspiracy to Commit Passport Fraud)

**THE GRAND JURY FURTHER CHARGES THAT:**

### THE CONSPIRACY

1.      From in or about September 2008 through in or about November 2009, in the

Eastern District of Pennsylvania and elsewhere, defendants

**DANI NEMR TARRAF, and
ALI FADEL YAHFOUFI**

conspired and agreed with others known and unknown to the grand jury to commit offenses against

the United States, that is, to willfully and knowingly make a false statement in an application for

passport with intent to induce or secure the issuance of a passport under the authority of the United

States, either for his own use or the use of another, contrary to the laws regulating the issuance of

passports or the rules prescribed pursuant to such laws, in violation of Title 18, United States Code,

Section 1542.

### MANNER AND MEANS

2.      It was part of the conspiracy that defendants DANI NEMR TARRAF and ALI

FADEL YAHFOUFI, and others known and unknown to the grand jury, worked together to obtain

United States passports from a law enforcement officer acting in an undercover capacity (the "UC")

in the name of defendant YAHFOUFI through fraudulent means and without lawful authority.

## OVERT ACTS

In furtherance of this conspiracy, defendants DANI NEMR TARRAF and ALI FADEL YAHFOUFI, and others known and unknown to the grand jury, committed the following overt acts in the Eastern District of Pennsylvania and elsewhere:

1.  On or about September 25, 2008, defendant ALI FADEL YAHFOUFI asked the UC to obtain a United States passport in defendant YAHFOUFI's name and provided passport photos of himself to the UC to be used in the passport.

2.  On or about November 19, 2008, defendant ALI FADEL YAHFOUFI sent to the UC in Philadelphia an application for United States passport in which defendant YAHFOUFI falsely stated that his social security number was "078-586-273" and that his permanent address was 1033 Avenue of the Americas, New York, New York.

3.  On or about December 6, 2008, defendant DANI NEMR TARRAF told the UC that defendant TARRAF would pay the costs associated with obtaining a United States passport in defendant YAHFOUFI's name.

4.  On or about November 21, 2009, in Philadelphia, defendant DANI NEMR TARRAF discussed with the UC a plan to deliver United States passports, one in the name of defendant ALI FADEL YAHFOUFI, to Lebanon.

All in violation of Title 18, United States Code, Section 371.

-28-

## COUNT FORTY-FIVE

### (Passport Fraud)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraph Two of Count Forty-Four of this Indictment is realleged here.

2.      From in or about September 2008 through and including in or about November 2009, in the Eastern District of Pennsylvania and elsewhere, defendants

### DANI NEMR TARRAF, and
### ALI FADEL YAHFOUFI

aliens and citizens of Germany and Lebanon, respectively, knowingly and willfully made false statements in an application for a United States passport, and aided and abetted and willfully caused the making of such false statements, with intent to induce and secure for defendant YAHFOUFI's own use, the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws, that is, the defendants caused the UC to make false statements in an application for a United States passport that the defendants knew to be false, such as statements that defendant YAHFOUFI possessed a Social Security Number ["078-586-273"] and that his permanent mailing address was 1033 Avenue of the Americas, New York, New York, 10018.

In violation of Title 18, United States Code, Sections 1542 and 2.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      As a result of the violations of Title 18, United States Code, Section 2332g set forth in this indictment, defendant

**DANI NEMR TARRAF**

shall forfeit to the United States of America all assets foreign and domestic, including, but not limited to:

(a)      the sum of $40,000,000 U.S. currency (forfeiture money judgment);

(b)      all accounts with Tatra Banka, Slovakia, including, but not limited to, account # 2920770138, account # 2827748040, and account # 2622761014;

(c)      all accounts with Unicredit Bank, Slovakia, including, but not limited to, account # 6171003 and account # 6171011; and

(d)      real property located at Koniarekova Street 23, Trnava, Slovakia.

2.      As a result of the violations of Title 18, United States Code, Sections  371, 1425, 1542, 2314, and 2332g; and Title 22, United States Code, Section 2778 set forth in this indictment, defendants

**DANI NEMR TARRAF,
DOURI NEMR TARRAF,
HASSAN MOHAMAD KOMEIHA, and
ALI FADEL YAHFOUFI**

shall forfeit to the United States of America

-30-

(a)     any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity," or a conspiracy to commit such offense, including but not limited to:

1) the sum of $1,200,000 U.S. currency (forfeiture money judgment).

(b)     any conveyance, including any vessel, vehicle, or aircraft used in the commission of a violation of Title 18, United States Code, Section 1542; and any property real or personal that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of a violation of Title 18, United States Code, Section 1542; or that is used to facilitate, or is intended to be used to facilitate, the commission of a violation of Title 18, United States Code, Section 1542.

3.     If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), both of which incorporate Title 21, United States

-31-

Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of

the property subject to forfeiture.

      All pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United

States Code, Sections 981(a)(1)(C), and (G), 982(a)(6)(A), and 2323(b)(1).

**A TRUE BILL:**

_____
**GRAND JURY FOREPERSON**

_____
**ZANE DAVID MEMEGER**
**UNITED STATES ATTORNEY**